Matthew Siegal, Esq. (MWS-1577)
Mord Michael Lewis, Esq. (MML-1612)
**STROOCK & STROOCK & LAVAN LLP**
180 Maiden Lane
New York, New York 10038-4982
Tel: (212) 806-5400
Fax: (212) 806-6006
Email: msiegal@stroock.com
       mlewis@stroock.com
*Attorneys for plaintiff Famosa, Corp.*

### UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAMOSA, CORP., <br><br> Plaintiff, <br><br> v. <br><br> SHOCKOE COMMERCE GROUP, LLC, YOGA DIRECT, LLC, and YOGA ACCESSORIES, LLC, <br><br> Defendants. | Case No.  13 CV 4854 <br> ECF CASE <br><br> CIVIL ACTION <br><br> **COMPLAINT AND JURY DEMAND** <br><br> (Jury Trial Demanded) |

Plaintiff Famosa, Corp. ("Famosa"), by way of complaint against the defendants Shockoe Commerce Group, LLC; Yoga Direct, LLC and Yoga Accessories, LLC ("Defendants"), hereby states as follows:

### NATURE OF ACTION

1. This is an action arising under the patent laws of the United States, Title 35 of the United States Code, including 35 U.S.C. §§ 271 and 281, for Defendant's infringement of U.S. Patent No. 6,702,388 ("the '388 patent"); U.S. Patent No. 6,832,817 ("the '817 patent") and U.S. Design Patent No. D471,025 ("the '025 patent") (collectively, "the Asserted Patents"), all of which are owned by Famosa.

## PARTIES

2. Plaintiff Famosa is a Taiwanese corporation with its principal place of business located at No. 6, Lugong North 1st. Road, Lugang Township, Changhua County 505, Taiwan.

3. Defendant Shockoe Commerce Group, LLC ("Shockoe") is a Virginia limited liability corporation with its principal place of business at 11 South 12th Street, 4th Floor, Richmond, VA 23219.

4. Defendant Yoga Direct, LLC is a Virginia limited liability corporation with its principal place of business at 11 South 12th Street, 4th Floor, Richmond, VA 23219. Yoga Direct, LLC, is a subsidiary or division of Shockoe, and is doing business as www.yogadirect.com.

5. Defendant Yoga Accessories, LLC is a Virginia limited liability corporation with its principal place of business at 11 South 12th Street, 4th Floor, Richmond, VA 23219. Yoga Accessories, LLC, is a subsidiary or division of Shockoe, and is doing business as www.yogaaccessories.com.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and 1400(b), as this action arises under the laws of the United States, namely the Patent Act, Title 35, United States Code.

7. This Court has personal jurisdiction over Defendants because Defendants transact business within this District and sell infringing products within this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants are corporations subject to personal jurisdiction in this District.

## THE ASSERTED PATENTS

9.  The '388 Patent is entitled "Ball Chair with a Securing Device" and issued on March 9, 2004, to Ciber Chiu as the sole inventor. A true and correct copy of the '388 Patent is attached to this Complaint as Exhibit 1. The '388 Patent was duly assigned to Famosa Corp. by Ciber Chiu, and Famosa Corp. therefore has the full legal right to sue, enforce, and recover damages for all infringements of the '388 patent.

10. The '817 Patent is entitled "Ball Chair" and issued on December 21, 2004, to Ciber Chiu as the sole inventor. A true and correct copy of the '817 Patent is attached to this Complaint as Exhibit 2. The '817 Patent was duly assigned to Famosa Corp. by Ciber Chiu, and Famosa Corp. therefore has the full legal right to sue, enforce, and recover damages for all infringements of the '817 patent.

11. The '025 Patent is entitled "Chair" and issued on March 4, 2003, to Ciber Chiu as the sole inventor. A true and correct copy of the '025 Patent is attached to this Complaint as Exhibit 3. The '025 Patent was duly assigned to Famosa Corp. by Ciber Chiu, and Famosa Corp. therefore has the full legal right to sue, enforce, and recover damages for all infringements of the '025 patent.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. Defendant Yoga Direct, LLC is a subsidiary or division of Shockoe, and operates a website selling various exercise products at www.yogadirect.com. These products include a ball chair, which on the yogadirect.com website is called the, "Yoga Direct Balance Ball Chair."

13. Defendant Yoga Accessories, LLC is a subsidiary or division of Shockoe, and operates a website selling various exercise products at www.yogaaccessories.com. These

products include an identical ball chair, which on the yogaaccessories.com website is called, "YogaAccessories Exercise/Balance Ball Chair With Free 52cm Ball and Pump."

14. Famosa is an original equipment manufacturer of ball chair products which are substantially identical to those sold by Defendants. Famosa's ball chair products, which are covered by the Asserted Patents, are sold within the United States and marked with the Asserted Patents in accordance with 35 U.S.C. § 287.

15. Defendants' infringing ball chairs are causing Famosa to lose sales, are impacting the price Famosa can charge for its ball chair products, and are causing irreparable injury.

## FIRST CLAIM FOR RELIEF
### (Infringement of United States Patent No. 6,702,388)

16. Famosa realleges and incorporates by reference the allegations contained in paragraphs 1 through 14 of the Complaint as if set forth fully herein.

17. Defendants have infringed and continues to infringe, directly or indirectly, the '388 Patent either literally or under the doctrine of equivalents by making, using, offering for sale, or selling in the United States or importing into the United States products covered by one or more claims of the '388 Patent, including but not limited to the so-called "YogaAccessories Exercise/Balance Ball Chair With Free 52cm Ball and Pump," available for sale on the www.yogaaccessories.com website, and the so-called "Yoga Direct Balance Ball Chair," available on the www.yogadirect.com website.

18. Upon information and belief, Defendants' infringement has taken place with full knowledge of the '388 Patent and has been intentional, deliberate, and willful.

19. Upon information and belief, Defendants have derived, and will continue to derive, and received from the above infringement, gains, profits and advantages in an amount not presently known to Famosa.

20. Upon information and belief, Defendants will continue to infringe the '388 Patent unless and until Defendants are enjoined by this Court.

21. Famosa has suffered damages and irreparable harm as a result of Defendants' infringement of the '388 Patent and will continue to be damaged unless Defendants are enjoined from future infringing activities.

### SECOND CLAIM FOR RELIEF
### (Infringement of United States Patent No. 6,832,817)

22. Famosa realleges and incorporates by reference the allegations contained in paragraphs 1 through 21 of the Complaint as if set forth fully herein.

23. Defendants have infringed and continue to infringe, directly or indirectly, the '817 Patent either literally or under the doctrine of equivalents by making, using, offering for sale, or selling in the United States or importing into the United States products covered by one or more claims of the '817 Patent, including but not limited to the so-called "YogaAccessories Exercise/Balance Ball Chair With Free 52cm Ball and Pump," available for sale on the www.yogaaccessories.com website, and the so-called "Yoga Direct Balance Ball Chair," available on the www.yogadirect.com website.

24. Upon information and belief, Defendants' infringement has taken place with full knowledge of the '817 Patent and has been intentional, deliberate, and willful.

25. Upon information and belief, Defendants have derived, and will continue to derive, and received from the above infringement, gains, profits and advantages in an amount not presently known to Famosa.

26. Upon information and belief, Defendants will continue to infringe the '817 Patent unless and until Defendants are enjoined by this Court.

27. Famosa has suffered damages and irreparable harm as a result of Defendants' infringement of the '817 Patent and will continue to be damaged unless Defendants are enjoined from future infringing activities.

### THIRD CLAIM FOR RELIEF
### (Infringement of United States Patent No. D471025)

28. Famosa realleges and incorporates by reference the allegations contained in paragraphs 1 through 27 of the Complaint as if set forth fully herein.

29. Defendants have infringed and continues to infringe, directly or indirectly, the '025 Patent either literally or under the doctrine of equivalents by making, using, offering for sale, or selling in the United States or importing into the United States products covered by the '025 Patent, including but not limited to the so-called "YogaAccessories Exercise/Balance Ball Chair With Free 52cm Ball and Pump," available for sale on the www.yogaaccessories.com website, and the so-called "Yoga Direct Balance Ball Chair," available on the www.yogadirect.com website.

30. Upon information and belief, Defendants' infringement has taken place with full knowledge of the '025 Patent and has been intentional, deliberate, and willful.

31. Upon information and belief, Defendants have wrongfully derived, and will continue to wrongfully derive, and received from the above infringement, gains, profits and advantages in an amount not presently known to Famosa.

32. Upon information and belief, Defendants will continue to infringe the '025 Patent unless and until Defendants are enjoined by this Court.

33. Famosa has suffered damages and irreparable harm as a result of Defendants' infringement of the '025 Patent and will continue to be damaged unless Defendants are enjoined from future infringing activities.

NY 74625740

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff Famosa Corp. prays that this Court:

 A. Enter judgment that Defendants have infringed the '388 Patent and that the patent is valid and enforceable;

 B. Enter judgment that Defendants have infringed the '817 Patent and that the patent is valid and enforceable;

 C. Enter judgment that Defendants have infringed the '025 Patent and that the patent is valid and enforceable;

 D. Enter judgment that Defendants have willfully infringed one or more of the above Asserted Patents;

 E. Grant a permanent injunction restraining and enjoining Defendants, their officers, directors, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, and all others in active concert or participation with the foregoing from infringing, inducing others to infringe, and contributing to the infringement of the above Asserted Patents;

 F. Order the destruction of any infringing products in Defendants' possession or control;

 G. Order the destruction of any molds in Defendants' possession or control that may be used to create infringing products;

 H. Award Famosa damages in an amount sufficient to compensate Famosa for Defendants' infringement of the Asserted Patents, but not less than a reasonable royalty, pursuant to 35 U.S.C. §§ 284;

I.      Award to Famosa Defendants' profits for the sale of any and all infringing products pursuant to 35 U.S.C. § 289.

J.      Declare this case exceptional under 35 U.S.C. § 285;

K.      Award increased damages, pursuant to 35 U.S.C. § 284, in an amount not less than three times the amount of actual damages awarded to Famosa by reason of Defendants' willful infringement of the Asserted Patents;

L.      Enter a judgment and order requiring Defendants to pay Famosa prejudgment and post-judgment interest on the damages awarded;

M.      Order Defendants to pay Famosa's costs and attorney's fees; and

N.      Grant Famosa such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all issues.

Dated: 7-10-13

Respectfully submitted,

By: _____

Matthew W. Siegal, Esq. (MWS-1577)
Mord Michael Lewis, Esq. (MML-1612)
**STROOCK & STROOCK & LAVAN LLP**
180 Maiden Lane
New York, New York 10038-4982
Tel: (212) 806-5400
Fax: (212) 806-6006
Email: msiegal@stroock.com
         mlewis@stroock.com
*Attorneys for plaintiff*
FAMOSA, CORP.